**UNITED STATES of America**

v.

**Billy Ray SHOWS, II.**

**Crim. No. E92–00004(B).**

United States District Court, S.D. Mississippi, E.D.

Aug. 27, 1992.

Joe Hollomon, U.S. Atty., Jackson, Miss., for the U.S.

Al Binder, Jackson, Miss., Charles W. Wright, Jr., Meridian, Miss., John Colette, Jackson, Miss., for Billy Ray Shows, II.

### ORDER

BARBOUR, Chief Judge.

There is before the Court the Motion of the Defendant to Withdraw Plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure. The Court has considered the Motion and the transcript of the Change of Plea hearing and finds that the Motion should be denied.

At Defendant's Change of Plea hearing the attorney for the government announced that as consideration for Defendant's plea of guilty "the sole agreement is that the Government will not seek at the time of sentencing a [United States Sentencing Guidelines Section] 2K2.1 enhancement with regard to this Defendant." Hr'g Tr. at 16. Defendant's attorney thereafter stated, "It is my understanding that the

Government will not seek any enhancements under 2K2.1...." Hr'g Tr. at 17.

The probation officer in preparing the presentence investigation report recommended therein that Section 2K2.1(c)(1)(A) was the proper guideline provision to use in this case. That section cross-references to Section 2A2.2 through Section 2X1.1, according to the probation officer.

This district utilizes a standing order regarding sentencing procedures under the guidelines. That order requires that any objections to the presentence investigation report be presented in writing to the probation officer within a certain time period. If such written objections are presented, the probation officer delivers them to the Court before the sentencing hearing as an attachment to an addendum to the presentence investigation report.

Here, since the probation officer obtained information concerning the offense on which she based her proposed guideline computation from the government's attorney and/or the case agent and since the government filed no objection to the proposed guideline computation, the Defendant argues that the government is seeking a Section 2K2.1 enhancement in contravention of the plea agreement. Defendant accordingly seeks to withdraw his guilty plea under *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

The Court will assume without deciding that the use of the cross-reference portion of Section 2K2.1(c) is an enhancement. Its use does result in greater imprisonment range when compared with the use of Section 2K2.1(a)(7), which would be the applicable provision but for Section 2K2.1(c). On the other hand, the Court would be inclined to define "enhancement under Section 2K2.1" as the application of any of the subparts under Section 2K2.1(b), which are specific offense characteristics. It is not necessary to decide this point because "the government" is not seeking the enhancement.

The probation office has presented the presentence investigation report to the Court and has suggested the guidelines computation pursuant to Rule 32(c) of the

Federal Rules of Criminal Procedure. The United States Probation Office is not "the government" in the context of the criminal prosecution. The United States Attorney and the federal investigative agency which developed the case against the Defendant are "the government." They are in the executive branch. The United States Probation Office is certainly a part of the overall government of the United States. However, the probation office is an agency within the judicial branch.

Probation officers are appointed by the district court "to serve ... under the direction of the court making the appointment." 18 U.S.C. § 3602(a). Their duties include the duty to "make a presentence investigation and report to the court before the imposition of sentence...." Fed. R.Crim.P. 32(c). That same duty is repeated in 18 U.S.C. § 3552(a), which states that a probation officer "shall make a presentence investigation ... and shall, before the imposition of sentence, report the result of the investigation to the court."

The probation officer assigned to prepare a presentence investigation report serves as the "eyes and ears" of the court in helping to maintain judicial control over sentencing. This is particularly true under the guideline sentencing procedures. The United States Attorney has almost unlimited discretion with regard to charges on which he seeks an indictment. He also has discretion in making plea agreements. However, this discretion should not extend so far that he also determines the sentence to be imposed. The guidelines implicitly recognize this, particularly through Section 1B1.3 ("Relevant Conduct") and the several Specific Offense Characteristics subsections, such as Section 2K2.1(b). Were it not for the independent investigation by the probation officer, there would be the potential for the attorney for the government to agree with the attorney for the defendant that certain relevant conduct or facts supporting enhanced sentences under specific offense characteristics would not be mentioned to the court. The independent investigation by the probation officer on behalf of the court prevents this.

The Court concludes that United States probation officer is not "the government" as meant in the plea bargain in this case and cannot therefore be charged with breaching the plea agreement by presenting the presentence investigation report containing a sentencing guideline based upon Section 2K2.1(c). *See Augustine v. Brewer,* 821 F.2d 365, 368–69 (7th Cir.1987) (holding that United States Parole Commission did not breach plea agreement between defendant and government by considering factors in addition to specific allegations of indictment in determining defendant's offense severity rating because Commission was not party to or in any way intended to be bound by terms of agreement). The Court further concludes that the failure of the United States attorney to object to those portions of the presentence investigation report which compute the sentencing range under Section 2K2.1(c) is not a seeking of an enhancement under Section 2K2.1.

The Court also notes that the Court directly asked the Defendant at the Change of Plea hearing after the plea agreement had been discussed,

> Mr. Shows, do you understand that at sentencing that the Court would not have to accept the Government's recommendation in regard to that enhancement and could sentence you to any sentence that the court thought appropriate, up to and including the maximum sentence that I have already explained to you, even though that sentence might exceed the guideline range and even though the Court might find that an enhancement of the guideline range were called for?

Hr'g Tr. at 17–28. The Defendant answered, "Yes, Sir." *Id.* at 18.

The court accordingly concludes that the government has not breached its plea agreement with the Defendant and that the Motion is not well taken.

IT IS THEREFORE ORDERED that the Motion is DENIED.

SO ORDERED.